UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH MCDERMON,<br><br>Defendant. | Criminal No. 05-190 (RBW)<br><br>**FILED**<br><br>MAY 2 6 2005<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**DETENTION MEMORANDUM**

The Defendant, Kenneth McDermon has been charged by indictment with unlawful possession of a firearm by a person convicted of a felony in violation of 18 U.S.C. § 922(g)(1), unlawful transfer of a firearm in violation of 18 U.S.C. § 924(h), and unlawful distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on May 25, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the government proffered that the Defendant unlawfully and knowingly possessed and transferred firearms that had been shipped in interstate commerce. Between February 8, 2005 and May 10, 2005 the Defendant engaged in five separate transactions involving the sale of a variety of firearms, including a Hi-Point 9mm rifle, a Taurus 9mm handgun, a Mossberg 12 gauge shotgun, and ammunition to undercover police officers. The government proffered that on each occasion the Defendant received payment "up-front," purchased the firearms in Cleveland, Ohio, and then transferred the firearms to an undercover police officer in the District of Columbia. Additionally, on May 10, 2005, the Defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug to an undercover police officer.

### Discussion

A grand jury returned an indictment charging the Defendant with unlawful possession of a firearm by a convicted felon, unlawful transfer of a firearm, and unlawful distribution of cocaine. When, as here, probable cause exists to believe that a Defendant has committed a violation of 21 U.S.C. § 841(a)(1), for which a maximum penalty of 10 years is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or

combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with unlawful possession and transfer of firearms by a convicted felon and with distribution of narcotics. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. A grand jury has found probable cause to believe that the Defendant unlawfully possessed and sold firearms as well as cocaine. Additionally, the government proffered that the police have video surveillance of at least one transaction involving the sale of firearms to an undercover police officer.

The third factor, the history and characteristics of the Defendant, also supports pretrial detention. The Defendant has prior convictions for robbery and embezzlement. Although the Defendant's family members live in the District of Columbia, his prior record supports detention.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The current charges before this Court, unlawful transfer of a firearm and distribution of cocaine, clearly demonstrate that he is a substantial danger to the community. The persistent problem of violence and drug trafficking reported on consistently by the news media bears graphic witness to the fact that unlawful possession and transfer of firearms and narcotics is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: May 26, 2005

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE