**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

July 25, 2005

FILED

JUL 2 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Sent Via Facsimile**

Carlos Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, Suite 550
Washington D.C. 20004

    Re: <u>United States v. Kenneth McDermon</u>
       Case No. 05-190

Dear Mr. Vanegas:

  This letter confirms the agreement between your client, Kenneth McDermon, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Kenneth McDermon's Obligations, Acknowledgments and Waivers:</u>

  1. Your client, Kenneth McDermon, agrees to admit guilt and enter a plea of guilty to Count Three of the indictment: Unlawful Transfer of a Firearm, in violation of 18 U.S.C. Section 924(h), Count Ten of the indictment: Distribution of Cocaine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C), and Count Eight of the indictment: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1). Your client understands that pursuant to 18 U.S.C. Section 924(h), the crime of Unlawful Transfer of a Firearm carries a maximum sentence of 10 years imprisonment, a $250,000 fine and up to three years of supervised release, pursuant to 21 U.S.C. Section 841(b)(1)(C), the crime of Distribution of Cocaine carries a maximum sentence of twenty years of imprisonment, a $ 1,000,000 fine, and up to three years of supervised release, and pursuant to 18 United States Code § 924(a)(2), the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year carries a maximum sentence of 10 years imprisonment, a $250,000 fine and up to three

years of supervised release. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also agrees to admit to that the amount of cocaine he distributed was 2 grams, and to the possesion and distribution of twenty two firearms. (Descriptions of these firearms are provided in paragraph 3 of this document.) Your client further understands that he will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Your client understands that pursuant to Section 2K2.1(b)(1)(B) of the Sentencing Guidelines, he is eligible for a four level increase because of the number of firearms involved in his relevant conduct. Your client also understands that pursuant to Section 2K2.1(b)(5) of the Sentencing Guidelines, he is eligible for a four level increase because your client possessed a firearm in connection with another felony offense.

2. The Government agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct. Moreover, your client agrees that had this matter gone to trial, the government would have been able to prove the facts in the attached proffer by clear and competent evidence beyond a reasonable doubt.

3. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of the following property: all controlled substances seized in this case, and the following firearms: one HWM .38 caliber revolver and ammunition, one Hi-Point 9 mm rifle, one Smith and Wesson .40 caliber handgun and ammunition, five Taurus 9 mm handguns and ammunition, one Mossberg 12 gauge shotgun and shotgun shells, two 762 caliber rifles, five Bersa .380 caliber pistols, three Ruger 9 mm pistols, one CAI 9 mm pistol, one Taurus 357 pistol, and one Kel-Tec pistol. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

4. Your client agrees and will acknowledge that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for a total weight of 2 grams of cocaine. This amount includes amounts your client distributed or possessed with intent to distribute. The government agrees that it will not seek any increases in your client's base offense level.

5. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

7. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

<u>THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS</u>:

10. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established

by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

General Conditions

11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

12. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

Catherine K. Connelly
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 27 JULY 05

Kenneth McDermon
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7/27/05

Carlos Vanegas, Esquire
Attorney for the Defendant