UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-190 (RBW) |
| | : | |
| v | : | FILED |
| | : | JUL 2 7 2005 |
| KENNETH MCDERMON | : | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSES:

  A.  The essential elements of the offense of Unlawful Transfer of a Firearm, in violation of 18 U.S.C. § 924(h) are:

  1.  That the defendant transferred a firearm to another;

  2.  That the defendant knew that the firearm would be used to commit a drug trafficking crime.

  B.  The essential elements of the offense of Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(A) and 841(b)(1)(C) are:

  1.  That the defendant distributed a controlled substance.

  2.  That the defendant distributed the controlled substance knowingly and intentionally.

  C.  The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a

1

Term Exceeding One Year, in violation of 18 U.S.C. § 922(g) are:

1. That the defendant knowingly possessed a firearm;

2. That the firearm had been shipped or transported from one state to another; and

3. That, at the time the defendant possessed the handgun, the defendant had been convicted of a felony, that is, embezzlement.

II. COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. PENALTIES:

A. Pursuant to 18 U.S.C. Section 924(h), the crime of Unlawful Transfer of a Firearm carries a maximum sentence of 10 years imprisonment, a $250,000 fine and up to three years of supervised release.

B. Pursuant to 21 U.S.C. Section 841(b)(1)(C), the crime of Distribution of Cocaine carries a maximum sentence of twenty years of imprisonment, a $ 1,000,000 fine, and up to three years of supervised release.

C. Pursuant to 18 United States Code § 924(a)(2), the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year carries a maximum sentence of 10 years imprisonment, a $250,000 fine and up to three years of supervised release.

IV. FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On March 14, 2005, Metropolitan Police Department ("MPD") undercover officer Sgt. Dale Sutherland met with the defendant and a confidential informant to discuss the purchase of three firearms. Sgt. Sutherland, the defendant, and the confidential informant met inside an undercover storefront that purportedly worked on cars in the 1200 block of Mount Olivet Road, N.E. in Washington, D.C. The defendant tried to convince Sgt. Sutherland to front him money so that he could go to Cleveland, Ohio, to purchase firearms that were to be resold in Washington, DC. Sgt. Sutherland provided the defendant with $550 in MPD currency. The defendant provided Sgt. Sutherland with his military id as security for the fronted money. The defendant needed an additional $1000 to make the trip. The confidential informant was to accompany the defendant on the trip to Ohio, so later on March 14, 2005, MPD Detective A.J. Feggans met with the confidential informant and provided him with an additional $1000 in MPD currency.

On March 16, 2005, the defendant returned to the undercover location. Sgt. Sutherland provided the defendant with a large coat to use to cover the guns. The defendant left briefly, and returned with a Hipoint 9 mm rifle, a Smith and Wesson .40 caliber handgun, and a Taurus 9 mm handgun, plus 43 rounds of ammunition. Sgt. Sutherland handed the defendant $900 in MPD funds to cover the remainder of the cost of the firearms. During the transfer of the firearms, Sgt. Sutherland told the defendant that he planned to provide the firearms to drug dealers to protect their stash.

On May 18, 2005, Sgt. Sutherland spoke with the defendant about the purchase of several firearms. The defendant planned to go to Ohio to purchase the firearms and sell them to Sgt. Sutherland. The defendant and Sgt. Sutherland met that day outside the Red Star Tavern in

Largo, MD. Sgt. Sutherland gave the defendant $4020 in MPD funds. On May 19, 2005, Sgt. Sutherland spoke with the defendant via telephone several times about the transfer of the purchased firearms. The defendant informed Sgt. Sutherland that he was on his way back to Washington, DC, from Cleveland, Ohio. The defendant met Sgt. Sutherland at West Virginia and Fenwick Streets, NE, in Washington, DC, at approximately 10:00 pm. The defendant arrived in a white Chevy Blazer, accompanied by Frederick Bush. The defendant and Frederick Bush went to the rear of the vehicle and opened the trunk, from which they removed several labeled manufacturer's pistol boxes, and one unboxed firearm in a holster. Bush then got back into the white Chevy Blazer, and the defendant approached the undercover vehicle. The defendant handed the boxes and the holstered weapon to Sgt. Sutherland, who opened each box and examined the firearms. The defendant provided the following firearms to Sgt. Sutherland: a CAI 9 mm pistol, a Bersa 9 mm pistol, three Ruger 9 mm pistols, one Taurus .357 revolver, and one Kel-Tec 9 mm pistol.

    The defendant and Sgt. Sutherland then discussed the purchase of cocaine. The defendant returned to the white Chevy blazer and opened the passenger door. After closing the door he returned to Sgt. Sutherland's car and handed Sgt. Sutherland a small plastic bag containing a measurable amount of cocaine. The defendant also offered to sell Sgt. Sutherland some cannabis, but Sgt. Sutherland declined. Sgt. Sutherland then gave the arrest signal, and members of the MPD moved in and arrested the defendant and Bush.

    In addition, the defendant admits to the possession and distribution of the following firearms: one HWM .38 caliber revolver and ammunition, four Taurus 9 mm handguns and ammunition, one Mossberg 12 gauge shotgun and shotgun shells, two 762 caliber rifles, and four

Bersa .380 caliber pistols. The defendant knowingly and intentionally possessed each of the firearms described in this proffer. The defendant admits that each firearm was operable, and that each had traveled from another state into the District Columbia. Furthermore, at the time he committed the offenses described above, the defendant had a 1999 felony criminal conviction for Embezzlement in Fairfax County, Virginia.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

Catherine K. Connelly
Assistant United States Attorney
Narcotics Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Carlos Vanegas, this 25th day of July 2005.

Catherine Connelly
Assistant United States Attorney